UNITED STATES DISTRICT COURT
for the
Southern District of Florida
Miami Division

GAMES WORKSHOP LIMITED,
An individual,

    Plaintiff,

v.

JNP DESIGNS LLC, et al.,

    Defendants.

Case No.: 1:25-cv-21476-RKA

### JNP Designs LLC's Motion to Dismiss

Comes Now, JNP Designs LLC, by and through the undersigned counsel, to move for dismissal under Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(5). JNP Designs states as follows:

### Relevant Facts

1. Plaintiff Games Workshop Limited ("Games Workshop"), is a United Kingdom corporation with its principal place of business in Nottingham, UK.[1]

2. Games Workshop is known for producing the miniature wargame Warhammer, which includes titles like Warhammer 40,000 and Warhammer Age of Sigmar.[2] Warhammer Fantasy Battles launched in 1983, followed by Warhammer 40,000 in 1987, and Warhammer Age of Sigmar in 2015.

3. Allegedly, Games Workshop owns registered trademarks in the United States for the "Warhammer Marks," including "WARHAMMER," "WARHAMMER 40,000," "WARHAMMER AGE OF SIGMAR," "GAMES WORKSHOP," "SPACE MARINE," "BLOOD BOWL," and "CITADEL," which Games Workshop claims are listed on the Principal Register of the United States Patent and Trademark Office.[3]

---

[1] ECF No. 1, ¶9.
[2] ECF No. 1, ¶11.
[3] ECF No. 1, ¶10.

JNP Designs LLC's Motion to Dismiss
Case No.: 1:25-cv-21476-RKA
Page **2** of **7**

    4. The Defendants in this lawsuit, to include JNP Designs, are accused of promoting, selling, reproducing, offering for sale, and distributing goods using counterfeits and confusingly similar imitations of Games Workshop's trademarks through various Internet-based e-commerce stores and commercial websites.[4]

    5. Games Workshop also alleges that the Defendants are unknown entities who reside or operate in foreign jurisdictions, e.g., foreign countries, and ship goods from those foreign countries to the United States.[5]

    6. Based on this premise, Games Workshop requested for this court to authorize alternative service under Fed. R. Civ. P. 4(f)(3), which allows for the court to permit alternative service for foreign defendants, presuming that alternative service is not forbidden by an international agreement.[6]

    7. However, JNP Designs is and at all relevant times has been, a Florida-organized, manager-managed limited liability company.[7]

    8. Furthermore, as a Florida limited liability company, it maintains a public address (23381 SW 113th Pass, Homestead, FL 33032) for rightful service of process of any legal papers, through its resident agent, Nitza Marquez-Perez on Florida's Sunbiz website.[8]

---

[4] ECF No. 1, ¶¶16-22.
[5] ECF No. 1, ¶15.
[6] "Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). *See Also*, ECF No. 7, Pages 5-6 (Games Workshop's motion for alternative service, which at all relevant times argued that the Defendants, to include JNP Designs, is a foreign defendant that can only be found on the internet).
[7] ECF No. 69-1.
[8] *See*, JNP Designs Sunbiz Profile, here: https://perma.cc/VPP5-ACLP or with a shortened URL here: https://shorturl.at/8UZxa. JNP Designs requests that this court take judicial notice of JNP Designs Sunbiz Profile under Fed. R. Civ. P. 201(b)(2). "[I]t is not uncommon for courts to take judicial notice of factual information found on official governmental agency websites." Navelski v. Intern Paper Co., 244 F. Supp. 3d 1275 (N.D. Fla. March 25, 2017). "We find one of these alternative bases persuasive—that the district court abused its discretion in withdrawing its judicial notice of the information from NPRC's official website." Denius v. Dunlap, 330 F. 3d 919, 926 (7th Cir. 2003). "In that case, the regulations apparently were never called to the attention of the trial court. We took judicial notice of the regulations for the first time on appeal,

9. This court permitted alternative service based on the Plaintiff's representations, though, at least for this Defendant, JNP Designs, it was done on the Plaintiff's incorrect proffers and declarations.

## Relevant Law

10. **Personal Jurisdiction**. "A court without personal jurisdiction is powerless to take further action."[9] "When a defendant submits an affidavit contesting the basis for personal jurisdiction, the burden shifts back to the plaintiff to produce evidence to support personal jurisdiction."[10]

11. **Service of Process on an U.S. LLC**. "Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"[11]

12. **Improper Service of Process**. "Even in cases arising under federal law, federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."[12] Under Florida law, to effectuate service on a Florida limited liability company, the similarly to federal law, the company must be served by serving its resident agent.[13] Absent personal service on the company, service is improper.[14] In Florida, "service of process statutes are strictly construed and enforced to ensure that liberty and property interests are not impacted without due process of law."[15]

---

a procedure which was eminently proper." Glapion v. MS Journalist, 487 F. 2d 1252, 1255 (5th Cir. 1973).
[9] Posner v. Essex Ins. Co., Ltd., 178 F. 3d 1209, 1229, footnote 6 (11th Cir. 1999).
[10] SkyHop Techs., Inc v. Narra, 58 F.4th 1211, 1222 (11th Cir. 2023) (*quoting* Don't Look Media LLC v. Fly Victor Ltd., 999 F.3d 1284, 1292 (11th Cir. 2021).
[11] Fed. R. Civ. P. 4(h)(1)(B).
[12] Del Valle v. Trivago GmbH, 56 F. 4th 1265, 1272 (11th Cir. 2022) (cleaned up). *See Also*, Daimler Ag v. Bauman, 134 S. Ct. 746, 753 (2014).
[13] *See*, § 48.062(2)–(5), Fla. Stat. (2022). *See Also*, KMG Properties v. Owl Construction, 393 So. 3d 240, 246 (Fla. 2d DCA 2022).  (holding, "Section 48.091 tells us how to serve limited liability companies.")
[14] Standley v. Arnow, 13 Fla. 361, 365-366 (Fla. 1869) ("The doctrine that no person shall be deprived of property unless by due process of law, reiterated in all American constitutions, gives every person the right to demand that the law shall be strictly complied with in all proceedings which may affect his title to his property.").
[15]

13. **Service on a Limited Liability Company Starts with Service on the Registered Agent.** "A domestic limited liability company or registered foreign limited liability company may be served with process required or authorized by law by service on its registered agent designated by the domestic limited liability company or registered foreign limited liability company under chapter 605."[16]

## Discussion

14. The court in this case only approved service by e-mail because the Plaintiff proffered and provided declarations that the relevant Defendant in this case, JNP Designs, was a foreign defendant, operating in a foreign country, that could not be found or reached except by email.

15. The Plaintiff's proffer to this court regarding the Defendant's nature as a foreign corporation operating in a foreign country is a falsifiable premise.

16. Rule 4(f) governs service on parties "not within any judicial district of the United States." Because JNP Designs is a Florida-organized limited liability company that operates from, and is physically present in, Miami-Dade County, it is indisputably domestic [ECF No. 69-1, ¶1]. As a matter of black-letter procedure, Rule 4(f) – and the discretionary authority in Rule 4(f)(3) to permit alternative methods of service – is therefore off the table.

17. When the defendant is domestic, service must proceed under Rule 4(h)(1). That rule, in turn, limits a plaintiff to (i) personal delivery to an officer or registered agent, or (ii) any method the forum state's statute permits. Florida's statute is clear: service on a Florida LLC must start with personal service on the company's registered agent, and only after diligent but unsuccessful attempts may a substitute method be used. No part of Rule 4(h)(1) or Florida law authorizes e-mail service on a domestic entity.

18. Plaintiff's service departed from those requirements. The registered-agent address for JNP Designs is publicly listed with the Florida Department of State (23381 SW 113th Pass, Homestead, Florida) and has been available at all relevant times [ECF No. 69-1, ¶1–¶2]. Yet no process server ever appeared there, no summons was delivered or left, and no effort was made to comply with Florida Statute § 48.062 [ECF No. 69-1, ¶3-¶5]. Instead, Plaintiff jumped straight to e-mail.

---

[16] § 48.062(2), Fla. Stat. (2022).

JNP Designs LLC's Motion to Dismiss
Case No.: 1:25-cv-21476-RKA
Page **5** of **7**

19. Because Rule 4(f)(3) applies only to foreign defendants, the Court had no procedural authority to approve an e-mail-only method against this domestic defendant. A court's power to craft "other means" of service exists solely within the boundaries Congress drew in Rule 4(f). Once a defendant sits in the United States, the governing rules (4(e) and 4(h)(1)) furnish an exclusive menu, and e-mail is not on it.

20. Again, Plaintiff obtained the alternate-service order by representing that every defendant "resides and/or operates outside the United States." That representation is false *as to JNP Designs*. Public records and the sworn declaration of the company's owner-member confirm its Florida domicile [ECF No. 69-1, ¶1]. Because the order rests on a mistaken factual premise, any service made under it is doubly infirm.

21. In short, JNP Designs is right here in Florida, and the law says you must hand-deliver the papers to its registered agent before anything else. Because that never happened, the Court doesn't have power over JNP Designs, and any default or judgment built on that bad service cannot stand.

22. **Relief Requested**: JNP Designs requests that service be quashed under Rule 12(b)(5) and the Complaint dismissed as to JNP Designs under Rule 12(b)(2). At a minimum, all defaults or judgments predicated on the faulty e-mail service must be vacated.

Respectfully submitted,

**Attorney for Defendant JNP Designs LLC**
Michael Van Cleve, Law
Michael Van Cleve, Esquire
99 NW 183rd Street, Room 242B
North Miami Beach, FL 33169
Telephone: (786) 309-9043
Email: michael@michaelvanclevelaw.com

JNP Designs LLC's Motion to Dismiss
Case No.: 1:25-cv-21476-RKA
Page **6** of **7**



By_____
MICHAEL VAN CLEVE, ESQ.
/s/Michael Van Cleve, Esq.
FLORIDA BAR NO.: 89413

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of this document was served by Pacer to the following:

**Counsel for Plaintiffs**
THE BRICKELL IP GROUP, PLLC
Javier Sobrado, Esq.
1101 Brickell Avenue,
South Tower, Suite 800
Miami FL, 33131
Telephone: (305) 728-8831
Primary Email: jsobrado@brickellip.com

**Co-Counsel for Plaintiffs**
THE BRICKELL IP GROUP, PLLC
Richard Guerra, Esq.
1101 Brickell Avenue,
South Tower, Suite 800
Miami FL, 33131
Telephone: (305) 728-8831
Email: rguerra@brickellip.com

**Attorney for Defendant JNP Designs LLC**
Michael Van Cleve, Law
Michael Van Cleve, Esquire
99 NW 183rd Street, Room 242B
North Miami Beach, FL 33169
Telephone: (786) 309-9043

JNP Designs LLC's Motion to Dismiss
Case No.: 1:25-cv-21476-RKA
Page **7** of **7**

                Email: michael@michaelvanclevelaw.com

By_____
MICHAEL VAN CLEVE, ESQ.
/s/Michael Van Cleve, Esq.
FLORIDA BAR NO.: 89413