UNITED STATES DISTRICT COURT
for the
Southern District of Florida
Miami Division

| | |
|---|---|
| GAMES WORKSHOP LIMITED, An individual, <br><br> Plaintiff, <br><br> v. <br><br> JNP DESIGNS LLC, et al., <br><br> Defendants. | Case No.: 1:25-cv-21746-RKA |

**JNP Designs LLC's Response to Plaintiff's Motion for Default Final Judgment**

Comes Now, JNP Designs LLC ("JNP Designs"), (referenced on the docket and identified by the Plaintiff as jnlaserdesigns) by and through the undersigned counsel, to respond to the Plaintiff Games Workshop Limited's motion for default final judgment [ECF No. 67]. Because JNP Designs was not properly served in this action, this court does not have personal jurisdiction over the company, making any judgment improper (and also void). JNP Designs concisely states as follows[1]:

**Relevant Facts and Brief Discussion**

1. JNP Designs is, and at all relevant times has been, a Florida-organized, manager-managed limited liability company.[2]

2. JNP Designs has challenged personal jurisdiction and correct service of process in its first motion and paper filed in this case.[3]

---

[1] JNP Designs briefs the court with a memorandum of law on service of process and personal jurisdiction in its motion to dismiss [ECF No. 69]. JNP Designs therefore concisely reiterates those arguments here to avoid redundancy.

[2] ECF No(s) 69, 69-1.

[3] *See*, ECF No(s) 69 and 69-1. JNP Designs filed the motion to dismiss first to avoid arguments of waiver, and makes a limited appearance strictly to dismiss based on the grounds listed in the motion to dismiss [ECF No. 69]. "[W]e have found that a party's right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in his first Rule 12 motion, other initial pleading or general appearance." In re Worldwide Web Systems, Inc., 328 F. 3d 1291, 1300 (11th Cir. 2003).

JNP Designs LLC's Response to Plaintiff's Motion for Default Final Judgment
Case No.: 1:25-cv-21746-RKA
Page **2** of **3**

3. In those papers, JNP Designs explained why personal jurisdiction and service of process is improper.

4. As detailed in JNP Designs' Motion to Dismiss, the only means of service Plaintiff attempted was the e-mail procedure authorized under Rule 4(f)(3). Rule 4(f) reaches only defendants "not within any judicial district of the United States."

5. Because JNP Designs is a Florida LLC with a publicly listed registered-agent address, Rule 4(f) is categorically inapplicable; service had to comply with Rule 4(h)(1) and Florida Statute § 48.062. No process server ever appeared at the registered-agent address, and no summons was delivered or left there [ECF No. 69-1, ¶¶ 2-5]. Service is therefore defective and the Court lacks personal jurisdiction. A default judgment entered without valid service is void[4] and must be denied or set aside.

6. The Motion for Default Final Judgment rests entirely on that same faulty service. Because JNP Designs' jurisdictional objection was raised at its first opportunity (ECF No. 69) and remains unresolved, entry of a default judgment would be premature. The proper sequence is to decide the service and jurisdiction questions first; only if those issues are resolved in Plaintiff's favor could default be considered.

7. Even putting the service defect aside, Florida federal courts favor resolving cases on their merits, not by default.[5]

8. Plaintiff will suffer no prejudice from litigating this dispute on the merits; by contrast, entering a default against a party that was never properly served would undermine due-process protections. JNP Designs argues that the prudent course is to deny the motion for default final judgment, vacate the clerk's default, and rule on JNP Designs' pending motion to dismiss.

9. **Relief Requested**: JNP Designs respectfully requests that the Court (a) deny Plaintiff's Motion for Default Final Judgment as to JNP Designs, (b) vacate the clerk's default entered against JNP Designs, and (c) grant such further relief as justice requires.

## CERTIFICATE OF SERVICE

---

[4] Oldfield v. Pueblo De Bahia Lora, SA, 558 F. 3d 1210, 1217-1218 (11th Cir. 2009).
[5] *See*, Lennen, et al., v. Mariott Ownership Resorts, et al., Case No. 6:16-cv-855, ECF No. 84, Page 3, ¶1 (M.D. Fla. (signed) October 8, 2016 (filed) October 11, 2016) (holding, "In view of the County's active participation in this case, the preference for adjudicating cases on the merits, and in the absence of any demonstrable prejudice to Plaintiffs by the short delay in responding to the Complaint, I conclude that a default is not warranted.")

JNP Designs LLC's Response to Plaintiff's Motion for Default Final Judgment
Case No.: 1:25-cv-21746-RKA
Page **3** of **3**

      I, the undersigned, hereby certify that a true and correct copy of this document was served by Pacer to the following:

**Counsel for Plaintiffs**
THE BRICKELL IP GROUP, PLLC
Javier Sobrado, Esq.
1101 Brickell Avenue,
South Tower, Suite 800
Miami FL, 33131
Telephone: (305) 728-8831
Primary Email: jsobrado@brickellip.com

**Co-Counsel for Plaintiffs**
THE BRICKELL IP GROUP, PLLC
Richard Guerra, Esq.
1101 Brickell Avenue,
South Tower, Suite 800
Miami FL, 33131
Telephone: (305) 728-8831
Email: rguerra@brickellip.com

**Attorney for Defendant JNP Designs LLC**
Michael Van Cleve, Law
Michael Van Cleve, Esquire
99 NW 183rd Street, Room 242B
North Miami Beach, FL 33169
Telephone: (786) 309-9043
Email: michael@michaelvanclevelaw.com



By_____
MICHAEL VAN CLEVE, ESQ.
/s/Michael Van Cleve, Esq.
FLORIDA BAR NO.: 89413