UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-21746-ALTMAN

**GAMES WORKSHOP LTD.**,

 *Plaintiff*,

v.

**THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A"**,

 *Defendants.*

_____/

## ORDER

  On August 7, 2025, we entered a final judgment and permanent injunction against several Defendants identified on "Schedule A" of the Plaintiff's Motion for Final Default Judgment for infringing on the Plaintiff's trademarks. *See* Final Judgment [ECF No. 75] at 1. Twenty-two days later, on August 29, 2025, an individual by the name of Douglas Harewood-Gill filed a motion to vacate the final judgment against Defendant DHG World under FED. R. CIV. P. 60(b). *See* Motion to Vacate [ECF No. 77] at 3. The Plaintiff filed a Response, *see* Response to Motion to Vacate ("Response") [ECF No. 79], and Harwood-Gill filed a Reply, *see* Reply in Support of Motion to Vacate ("Reply") [ECF No. 80]. After careful review, we'll **DENY** the Motion to Vacate.

### THE LAW

  A party may file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (cleaned up); *see also Eveillard v. Nationstar Mortg. LLC*, 2015 WL 1191170, at *5 (S.D. Fla. Mar. 16, 2015) (Bloom, J.) (noting that "an intervening change in controlling law" may serve as a basis

for Rule 59 relief). As a result, parties "cannot use a Rule 59(e) motion to relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *see also Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed.").

A losing party may also file a post-judgment motion under Rule 60(b), which offers relief from a final judgment if the movant can show mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief." FLA. R. CIV. P. 60(b)(1)–(6). But Rule 60(b) is an extraordinary remedy, and "disagreement with the Court's ruling is an insufficient basis for reconsideration of a prior order." *Martes v. Sacco*, 2011 WL 13272347, at *1 (S.D. Fla. Apr. 7, 2011) (Dimitrouleas, J.). Like Rule 59(e), Rule 60(b) is "not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision." *Ibid.* (quoting *Lamar Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 490 (M.D. Fla. 1999)). The rule requires that the moving party "demonstrate a justification for relief so compelling that the district court is required to grant the motion." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (cleaned up); *see also Enax v. Goldsmith*, 322 F. App'x 833, 835 (11th Cir. 2009) ("Relief under Rule 60(b) is an 'extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" (quoting *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001))).

## ANALYSIS

Before we reach the parties' arguments, we'll start with a brief procedural clarification. Harewood-Gill explicitly relies on Rule 60(b) as the basis for his Motion to Vacate. *See* Motion to Vacate at 5 ("Defendant respectfully invokes Rule 60(b)(1), (4), and (6) of the Federal Rules of Civil Procedure[.]"). This is a mistake—albeit an understandable one. A motion to reconsider that's filed

within 28 days of the entry of final judgment is properly brought under Rule 59(e), not Rule 60(b). *See Griffin v. Philips*, 2025 WL 1502188, at *1 (11th Cir. May 27, 2025) ("If a motion for reconsideration is filed within 28 days of the entry of judgment and calls into question the validity of the judgment, it should be characterized as a Rule 59(e) motion regardless of how it is styled." (citing *Finch v. City of Vernon*, 845 F.2d 256, 258–59 (11th Cir. 1988))); *see also Alonso v. 245 C&C, LLC*, 2021 WL 8945612, at *4 (S.D. Fla. June 25, 2021) (Lenard, J.) ("Here, Plaintiffs' Motion is properly construed as Rule 59(e) motion to alter or amend the judgment because (1) it was filed within 28 days of the entry of judgment and (2) it seeks reconsideration of matters encompassed in a decision on the merits of the dispute."). We therefore apply the standard under Rule 59(e)—not Rule 60(b)—to the Motion to Vacate because it was filed less than 28 days after we entered the August 7, 2025, Final Judgment.

Harewood-Gill argues in the Motion to Vacate that the final judgment against DHG World should be vacated for four reasons: (1) he "acted promptly upon discovering the case and attempted to engage Plaintiff's counsel"; (2) he "was not properly served"; (3) he "did not submit to U.S. jurisdiction"; and (4) the "$60,000 judgment is grossly disproportionate to the alleged infringement, which generated less than £60 in earnings." Motion to Vacate at 5; *see also* Reply at 2 (same).[1] The Plaintiff opposes this relief "because (1) the Moving Person does not appear to be a Defendant in this lawsuit, and (2) the Moving person is engaging in gamesmanship as to who the Defendant is and which emails he is receiving, which is indicative of bad faith." Response at 4. Although we won't adopt the Plaintiff's counterarguments wholesale, we find that relief under Rule 59(e) is inappropriate

---

[1] In his Reply, Harewood-Gill includes some new arguments he didn't raise in his Motion. *See, e.g.*, Reply at 8 (arguing that "Plaintiff's litigation conduct demonstrates bad faith"). We won't address these here because "we don't consider arguments a party makes for the first time only in reply." *Ether v. Dixon*, 2022 WL 1908918, at *23 (S.D. Fla. June 3, 2022) (Altman, J.) (citing *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009)).

because none of Harewood-Gill's four bases for vacatur constitute "manifest errors of law or fact." *Arthur*, 500 F.3d at 1343.[2]

*First*, the evidence *doesn't* support Harewood-Gill's assertion that he "acted promptly upon discovering the case[.]" Motion to Vacate at 5. To establish "mistake, inadvertence, or excusable neglect . . . a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (cleaned up).

We needn't discuss the first two prongs of this test since Harewood-Gill hasn't provided a "good reason" for his failure to appear. Harewood-Gill admits that he became aware of the litigation in "July 2025" and that he contacted Plaintiff's counsel "on July 17, 2025, requesting clarification and dismissal." Motion to Vacate at 4; *see also* July 17, 2025 Email Exchange [ECF No. 79-2] at 3 ("I'm writing in response to your email dated July 8, 2025, regarding Case No. 25-cv-21746 . . . , in which I'm listed as Defendant #74. I only became aware of this correspondence today when checking my junk folder, and I am responding immediately upon discovery."). This July 17, 2025, email shows that Harewood-Gill was aware of the case and that he had developed several defenses to his alleged infringing conduct. *See, e.g.*, July 17, 2025 Email Exchange at 3 ("I did not knowingly or intentionally infringe Games Workshop's intellectual property."); *ibid.* ("The financial and operational impact of being named in this case is disproportionate to the alleged infringement."); *ibid.* ("I did not agree, and

---

[2] We reject the Plaintiff's initial argument that Harewood-Gill can't act on behalf of DHG World. "The rule is well established that [business entities] can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). But Harewood-Gill claims in his Reply that "DHG World is not a separate legal entity" and that it is "a sole proprietorship." Reply at 5. A sole proprietor is allowed to represent himself (and his business) *pro se*. *See Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 610 (11th Cir. 1984) ("As a sole proprietor, he could proceed *pro se* under section 1654."); *Aguila v. RQM+ LLC*, 2025 WL 2322438, at *2 n.4 (S.D. Fla. Aug. 12, 2025) (Damian, J.) ("The Court notes that ADAS is a sole proprietorship owned by Aguila and, therefore, may proceed *pro se*.").

4

do not agree, to receive court documents by email."). He sent this email four days before the Plaintiff moved for the entry of final default judgment and *three weeks* before we granted the Plaintiff's motion and entered final judgment against DHG World. *See generally* Docket. By the time Harewood-Gill learned about this case, then, he still had ample time to appear before us and make the same arguments he presented to Plaintiff's counsel on behalf of DHG World three weeks earlier. *See United States v. Kroll*, 2023 WL 196024, at *3 (11th Cir. Jan. 17, 2023) ("But Kroll doesn't adequately explain why he *couldn't* have acted pro se to respond to the default judgment motion, move to set aside the default, ask for another extension, or file an answer. Instead, he did none of those things; he waited until after the district court granted the Government's motion to argue his case and take legal steps to protect his own interests." (cleaned up)); *Forster v. Narain*, 859 F. App'x 411, 414 (11th Cir. 2021) ("Narain also failed to act diligently in her defense. Despite knowing that the action . . . was pending, Narain failed to monitor the status of the case."). Harewood-Gill's failure to act for several weeks until *after* final judgment was entered thus belies his suggestion that he "acted promptly and in good faith upon actual notice" of this lawsuit. Reply at 2.[3]

*Second*, DHG World was properly served. We allowed the Plaintiff to serve the Defendants—all "Internet-based businesses" that are mostly located in foreign jurisdictions—via email under FED. R. CIV. P. 4(f)(3). Order Granting Motion for Alternative Service [ECF No. 11] at 1. In doing so, we explained that "the Hague Convention does not specifically preclude service via e-mail and website posting" unless a signatory nation "expressly objected" to email service. *Id.* at 2 (citing *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, 2015 WL 5320947, at *2 (S.D. Fla. Sept. 14, 2015) (O'Sullivan, Mag. J.)). The United Kingdom, where DHG World and Harewood-Gill are located, has "not expressly objected to

---

[3] The Plaintiff accuses Harewood-Gill of "not acting in good faith here[.]" Response at 7. While we think Harewood-Gill's failure to timely appear is more indicative of carelessness than bad-faith, "[n]either ignorance nor carelessness on the part of a litigant or his attorney" is sufficient to establish excusable neglect. *Grant v. Pottinger-Gibson*, 2016 WL 867111, at *2 (S.D. Fla. Mar. 7, 2016) (Moore, C.J.) (quoting *Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)).

service via e-mail," so (contra Harewood-Gill's suggestion) service was proper. *Birmingham v. Doe*, 593 F. Supp. 3d 1151, 1159 n.4 (S.D. Fla. 2022) (Goodman, Mag. J.); *see also adidas AG v. adidas.style*, 2018 WL 1801197, at *1 n.3 (S.D. Fla. Feb. 7, 2018) (Hunt, Mag. J.) ("[T]he United Kingdom [has] not expressly objected to service via email or publication.").

*Third*, it wasn't "manifest error" for us to exercise personal jurisdiction over DHG World. The Plaintiff alleged in its Complaint that DHG World, like the other Defendants, "are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this District through at least the Internet based ecommerce stores and fully interactive commercial Internet websites accessible in Florida and operating under the Seller IDs." Complaint [ECF No. 1] ¶ 7. They then substantiated this allegation by showing that DHG World had sold at least one infringing product into this District. *See* DHG World Evidence Collection Report [ECF No. 6-7] at 56–57. The Eleventh Circuit has held that we can exercise personal jurisdiction over defendants who sell "trademark infringing goods" that are "not only accessible on [a] website, but were sold to Florida customers through that website." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013).

Harewood-Gill pushes back, arguing that he made "minimal" sales into the United States, that he never "purposefully availed himself" of the laws of Florida, and that exercising personal jurisdiction over DHG World would violate due process because he lacks "minimum contacts" with Florida. Reply at 4–5. These are interesting arguments that could have (and should have) been raised *before* the entry of final judgment. *See Michael Linet*, 408 F.3d at 763 ("A Rule 59(e) motion cannot be used to . . . raise argument or present evidence that could have been raised prior to the entry of judgment."). Harewood-Gill is only entitled to relief on a Rule 59(e) motion if he can show that our exercise of personal jurisdiction over DHG World would constitute a "manifest error of law[.]" *Arthur*, 500 F.3d at 1343. Given the Eleventh Circuit's holding that we can exercise personal jurisdiction over alleged

infringers who sell their products to Florida residents, *see Mosseri*, 736 F.3d at 1354; *see also CreeLED, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A*, 699 F. Supp. 3d 1357, 1361 (S.D. Fla. 2023) (Bloom, J.) ("Moreover, allegations that a defendant sold infringing goods to Florida customers through a website are sufficient for a plaintiff to meet section 48.193(1)(a)(2)'s requirement for specific personal jurisdiction over Defendant."), our personal-jurisdiction finding *doesn't* qualify as a "manifest error of law."

*Fourth*, the "grossly disproportionate" nature of the final judgment against DHG World isn't a "manifest error" that requires reconsideration. Although the final judgment awards the Plaintiff $60,000 against each Defendant, *see* Final Judgment at 3, Harewood-Gill argues that the infringing products DHG World sold "generated less than £60 in earnings[,]" Motion at 5. He also explains (in his Reply) that DHG World made only £598.05 "for all transactions processed through the store" between September 1, 2024, and July 31, 2025. Reply at 11. Harewood-Gill complains that the "$60,000 monetary award bear[s] no reasonable relationship to the scale or nature of the alleged conduct" and that it's "untethered to evidence of lost sales, harm to goodwill, or willful infringement." *Id.* at 10. Harewood-Gill is partially right—that $60,000 award isn't *solely* based on revenue the Defendants earned by selling infringing products. But the Lanham Act expressly permits district courts to *punish* defendants who willfully infringe a plaintiff's mark. *See Gucci Am., Inc. v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule A*, 2025 WL 2256527, at *4 (S.D. Fla. May 27, 2025) (Altman, J.) ("[T]he evidence before us indicates that each Defendant willfully infringed at least one of the Plaintiff's marks with respect to at least one type of good[.] . . . [T]he Eleventh Circuit has explained that we have very 'broad discretion' to select an award 'within the set limits' of the 'statutory yardstick,' 'considering both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed.'" (quoting *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). That's exactly what we found here. *See* Order Granting Motion for Final Default Judgment

[ECF No. 74] at 9 ("The evidence in this case demonstrates that each Defendant willfully sold, promoted, distributed, advertised, and/or offered for sale products bearing marks which were in fact confusingly similar to at least one of the Warhammer Marks."). Accordingly, the mere fact that we awarded damages in excess of the revenue DHG World earned from selling the infringing products wasn't an error—let alone a "manifest error" that would justify vacatur of a final judgment.

We are, however, sympathetic to Harewood-Gill's concerns that the $60,000 final judgment *as to him* might be more than necessary to achieve the goals of the Lanham Act and to adequately compensate the Plaintiff for its harms. The Plaintiff provided us emails showing that it was attempting to negotiate a settlement with Harewood-Gill for a much lower sum. *See* Aug. 9, 2025, Email Exchange [ECF No. 79-3] at 2 ("We responded to your July 17 email on July 18, offering to settle for $7500, providing the evidence of infringement and asking for a sales report if you wanted us to make a better offer."). Although the Plaintiff need not negotiate with Harewood-Gill (especially since it has obtained a final judgment in its favor), we think it would be in the best interest of both parties to continue to negotiate in the hopes of reaching a more equitable settlement.

Accordingly, we hereby **ORDER and ADJUDGE** that Douglas Harewood-Gill's Motion to Vacate [ECF No. 77] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on September 19, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record